CHARITY A. MELVIN, APPELLANT, v. A. G. HAGADORN, APPELLEE.

FILED JUNE 29, 1910. No. 16,092.

1. Pleading: AMENDED PETITION: NEW CAUSE OF ACTION. The facts incorporated in the amended petition set out in the opinion examined, and *held* to constitute a separate and independent cause of action from that stated in the original petition.

2. Limitation of Actions: AMENDED PETITION: NEW CAUSE OF ACTION. "Where the facts incorporated into a petition by way of amendment constitute a cause of action separate and independent from that stated in the original petition, the statute of limitations against the cause of action pleaded in the amendment runs until the filing of such amended petition." *Buerstetta v. Tecumseh Nat. Bank*, 57 Neb. 504.

3. Appeal: REVERSAL. An appellate court will not reverse a judgment simply for the purpose of giving a litigant a remediless right.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Affirmed.*

*C. H. Tanner* and *J. L. McPheely,* for appellant.

*Morlan, Ritchie & Wolff,* contra.

FAWCETT, J.

On August 18, 1906, plaintiff brought this suit in Frontier county to set aside a deed from one Barton and wife

to defendant, and thereby remove what plaintiff alleged was a cloud upon her title to a quarter section of land in said county. On April 15, 1907, plaintiff filed an amended petition praying the same relief as in the first, and in addition thereto that the court reinstate two mortgages which she alleges had been released by her grantor under a mistake of facts, and for an accounting against defendant upon said mortgages. From a decree finding generally for the defendant and dismissing plaintiff's suit, she prosecutes this appeal.

The land in controversy is described as the south half of the northwest quarter, the northeast quarter of the northwest quarter, and the southwest quarter of the northeast quarter of section 3, township 7, range 28 west, in Frontier county. One Marion Pickenpaugh obtained the land from the United States government. The record is silent as to many of the transfers affecting the title thereto, subsequent to its entry by Mr. Pickenpaugh. From an abstract of title passed up to the court by counsel for plaintiff at the oral argument, and to which we therefore feel at liberty to refer, we find that Mr. Pickenpaugh executed two mortgages to one J. E. Seeley, one of the said mortgages being for $600, and the other for $90. Subsequently Seeley assigned the $600 mortgage to one William W. Smith. Later on, Seeley and his wife, Affa C. Seeley, conveyed the land by quitclaim deed to Abb Craig. This deed was made December 7, 1891. Six days prior to that date (December 1, 1891) Craig and his wife executed a mortgage to the said William W. Smith for $600, and on February 16, 1892, executed another to J. E. Seeley for $90. On the same day they executed to Seeley a quitclaim deed for the land. These two mortgages and the quitclaim deed were all acknowledged by Craig and wife on February 16, 1892. These transfers and dates tend strongly to corroborate the testimony of defendant given upon the trial, to the effect that Craig was only a dummy, taking title from Seeley and giving the mortgages and reconveying the title to him without

consideration. The $90 mortgage executed by Pickenpaugh was released by Seeley May 1, 1891, and the $600 Pickenpaugh mortgage was released by Smith February 23, 1892. After obtaining the two mortgages and the quitclaim deed from Craig, Seeley and his wife, Affa, on June 4, 1892, conveyed the land by warranty deed to R. A. Barton, subject to the two Craig mortgages. On January 16, 1899, Barton and his wife conveyed the land by quitclaim deed to defendant Hagadorn, for a consideration of $50, which deed was not recorded by Mr. Hagadorn until November 23, 1905. October 1, 1902, William W. Smith assigned the $600 Craig mortgage to Affa C. Seeley, wife of J. E. Seeley. On November 30, 1902, R. A. Barton and wife by quitclaim deed attempted to convey the land to Affa C. Seeley, but, on account of an error in the description as to one eighty, a second quitclaim deed was executed by Barton and wife to Mrs. Seeley on April 28, 1904. In each of these two quitclaim deeds it is recited: "This deed is given to convey any interest we may have in said property at this time and no more." On October 13, 1905, Affa C. Seeley, "as executrix of the estate of J. E. Seeley, deceased," released of record the $90 Craig mortgage. On November 13, 1905, William W. Smith executed a release of the $600 Craig mortgage. No release of this mortgage was ever executed by Affa C. Seeley, who had obtained the same by transfer from Smith, as above shown, more than three years prior to the time Smith assumed to release it. November 28, 1905, Affa C. Seeley, widow, conveyed the property by warranty deed to plaintiff. This deed is a plain, ordinary, warranty deed, and makes no reference to any prior mortgages by assignment of the same or otherwise.

In her original petition, plaintiff alleges that at the time of the execution of the quitclaim deed from R. A. Barton to defendant, Barton, being unable to pay two certain mortgages securing the sum of $725, and certain accrued interest, executed and placed in the hands of defendant the quitclaim deed with the name of the grantee

in blank, and with instructions to defendant to deliver the deed to the holder of the said two mortgages upon a release of the same, no further consideration to be required; that defendant paid no consideration whatever for the said deed, and had no authority to deliver the deed except upon compliance with said instruction; that at the time of the delivery of the deed he was instructed to insert the name of the owner of said mortgages as grantee therein; "that subsequent to the execution of said deed so placed in the hands of defendant A. G. Hagadorn, and it being verbally agreed as aforesaid, the said R. A. Barton and wife, for a valuable consideration to them paid by two several conveyances in due form duly executed, acknowledged and delivered, conveyed all of said land to said Affa C. Seeley, being the same conveyances hereinbefore set forth,  *  *  *  and as a part of the said consideration for same the said two mortgages were released and canceled of record. At the time of the purchase of said described real estate by the plaintiff, the plaintiff had no notice of any kind or nature of the said deed in blank to said land so placed in the hands of defendant A. G. Hagadorn, and the said defendant receiving information of the purchase of said land by plaintiff, without any authority whatever, fraudulently inserted or caused to be inserted in said deed his name as grantee and without authority caused said deed to be recorded as hereinbefore set forth, he the said A. G. Hagadorn not having in any manner whatever complied with any of the agreements or instructions to him given, when said deed was executed and placed in his hands, and the grantors who executed said deed did not then own or have any interest of any kind or nature in said land. And plaintiff would further allege that he the said A. G. Hagadorn has never been in possession of said premises, either actual or constructive, but now sets up and claims title to said premises against the plaintiff, but refuses to commence an action at law to try his title to the same, and said deed is a cloud upon the plaintiff's title to said premises

and tends to depreciate the value thereof. The plaintiff, therefore, prays that said deed from R. A. Barton and wife Mary A. to A. G. Hagadorn may be set aside, canceled of record, declared null and void, and that the said cloud upon plaintiff's title caused thereby may be removed, and for such other relief as equity may require."

Issues were joined by answer and reply, and plaintiff proceeded to take the deposition, in Colorado, of R. A. Barton. That deposition, when taken, thoroughly disproved the allegations of plaintiff's petition. It showed that the quitclaim deed from Barton to defendant was made in good faith for a cash consideration of $50 above incumbrances; that it was written out by Mr. Barton himself, and that defendant's name was written in the deed prior to its execution and delivery. As a result, evidently, of the taking of that deposition, plaintiff, on March 29, 1907, obtained leave to file an amended petition, and was given 40 days' time in which to file the same. On April 15, 1907, the amended petition was filed. The amended petition starts out by copying all of the original petition down to the prayer, and then further alleges that the two quitclaim deeds from Barton and wife to Affa C. Seeley were recorded long prior to the recording of the deed from Barton to defendant, and that at the time Barton executed the deeds to Affa C. Seeley she, the said Affa C. Seeley, had no notice whatever, either actual or constructive, of the quitclaim deed from R. A. Barton and wife to defendant A. G. Hagadorn. This allegation, as well as the allegation in plaintiff's original petition that she was in possession of the land, are thoroughly disproved by the evidence. The uncontradicted evidence shows that from the time the defendant received his quitclaim deed from Barton in 1899 down to the time of the suit defendant was in the undisputed possession of the land. It shows that he had about 15 acres of it inclosed in a pasture; that he was cultivating from 45 to 50 acres, and that he was cutting the hay off all of the rest of the land available for

that purpose. It is apparent therefore that in all of the transactions between Barton and Mrs Seeley and plaintiff subsequent to the deed from Barton to defendant they had full notice, by reason of defendant's open possession and use of the land, of whatever interest he owned therein.

The amended petition further alleges that "it was a part of the consideration of the said two conveyances or deeds from R. A. Barton and wife to the said Affa C. Seeley that she release of record two certain mortgages thereon owned and held by her, one dated December 1, 1891, securing the sum of $600, and one other certain mortgage dated February 16, 1892, securing the sum of $90, and, having no notice whatever of the existence of the said deed from said R. A. Barton and wife to defendant A. G. Hagadorn, the said Affa C. Seeley by instruments in writing in due form, duly acknowledged, released the two said mortgages and filed same of record, to wit, in the mortgage records of Frontier county, Nebraska, long prior to the time of the recording of said deed to defendant A. G. Hagadorn, and there would now be due on said two mortgages the sum of $1,550;" that plaintiff has entered into a contract in writing for the sale of the lands in controversy to defendant Francis C. Shelley; that she has received $1,000 of the purchase price and is desirous of completing the sale, but is prevented from complying with the terms of her contract by reason of the cloud upon her title and the claim made by defendant. "Plaintiff therefore prays that said deed from R. A. Barton and wife, Mary A., to A. G. Hagadorn may be set aside, canceled of record, declared null and void, and that the said cloud upon plaintiff's title caused thereby may be removed. * * * Plaintiff further prays that for the purposes of the trial and adjustment of the equities between the parties, if the court under the evidence does not cancel the said deed from R. A. Barton and wife to defendant A. G. Hagadorn, that the said two mortgages be restored, and an accounting had of the amount due

thereon, and the defendant A. G. Hagedorn be required to pay the same into court to be disposed of and distributed as the court may order; and for such other relief as equity may require."

For answer to the amended petition, defendants set out the chain of title substantially as above given; allege that the deed from Barton to defendant was in good faith; that defendant immediately took exclusive possession of all of said land and fenced and used the same as above indicated: the recording of his deed as above set out; denies every allegation in plaintiff's petition not specifically admitted, and then pleads the statute of limitations as against the mortgages. Some objection to the form of this plea is made by plaintiff, but it is so clearly without merit that we will not take time to discuss it.

In the decree the court found generally in favor of defendant and against the plaintiff, and adjudged and decreed "that plaintiff's action be dismissed as to defendant A. G. Hagadorn, and that said defendant A. G. Hagadorn go hence without day and recover of plaintiff his costs herein expended taxed at ——— dollars."

Plaintiff assigns two reasons for a reversal: "First. That the plaintiff was entitled to be subrogated to the rights of the mortgages, and the two mortgages reinstated and made a lien on the land. Second. That the decree is not supported by the evidence." Plaintiff must fail in both of these contentions. Even if the evidence appearing in the record were competent and sufficient to show the former validity of the two mortgages in controversy and the release of the same by plaintiff, which we very seriously question, the same evidence shows that the notes which the mortgages were given to secure became due December 1, 1896, and February 16, 1897, respectively. Both mortgages would therefore be barred in ten years thereafter, or on February 16, 1907, there being no evidence in the record to show that any payments of either principal or interest were ever made upon either of them. The amended petition which, for the first time, asserted any

rights under the mortgages was not filed until April 15, 1907. It is argued by plaintiff that the original and amended petitions became one record, and hence that the suit was brought upon the filing of the original petition. As a general proposition, and under certain circumstances, that is true, but that is not the law when the amendment introduces an entirely new cause of action, as was done in the present case. In the original petition, plaintiff asserted that she was the owner of the land, that the deed from Barton to Hagadorn which clouded her title was fraudulent and void, and prayed simply that it should be set aside and removed as a cloud upon her title. After taking Mr. Barton's deposition and discovering that she could not succeed in that suit, she then added a new, separate and distinct cause of action, in which she asserts that the two mortgages in controversy were released by mistake, or rather under a misapprehension of the state of the title, and prays that they be reinstated, and for an accounting thereon. If the mortgages had never been released, they would at that time have been barred by the statute of limitations. Their release by mistake or under misapprehension did not toll the statute. Moreover, even though it were to be conceded that the petition and amended petition must be treated as one record, and that by the warranty deed from Affa C. Seeley to plaintiff, plaintiff became subrogated to the rights of Mrs. Seeley under those mortgages, we could not grant an accounting and a decree of foreclosure of the mortgages in this suit for the reason that the petition fails to allege that no action at law has ever been commenced for the payment of the debt secured by said mortgages or any portion thereof. So that all that we could do would be to set aside the releases of the mortgages on the ground that they were executed by mistake. This would leave them standing as if they had never been released, and would put plaintiff to an entirely new suit for their foreclosure; in which suit the plea of the statute of limitations would have to be sustained. An appellate court will not reverse

a judgment simply for the purpose of giving a litigant a remediless right.

The evidence fully sustains the judgment.

AFFIRMED.

ROOT, J., concurs in the conclusion.